(67 Misc. Rep. 445.)

### PILLER v. PISER.

(Supreme Court, Appellate Term. May 24, 1910.)

PRINCIPAL AND AGENT (§ 104*)—WARRANTIES—AUTHORITY OF AGENT.

A salesman, authorized to sell goods at the store of his employer by showing the articles to prospective purchasers, has no implied authority to give a warranty which is binding on his employer, unless it is usual in the market on a sale of that class of goods to give a warranty.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 294–297; Dec. Dig. § 104.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles Piller against Susie E. Piser. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles Stein, for appellant.

Stackell & Louis, for respondent.

SEABURY, J. The plaintiff sues to recover damages for the breach of an alleged warranty. The plaintiff purchased from the defendant furniture, consisting of a bed and several other pieces, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid therefor $135. His present claim is that the defendant's salesman warranted that all of the pieces of furniture were of uniform color, and that on July 17, 1909, the plaintiff bought the furniture, and then stated to the salesman that the bed appeared to be of a lighter shade than the rest of the furniture, and that the salesman replied that this apparent difference in color was due to the electric light. The plaintiff then paid $15 on account of the purchase price. On July 18, 1909, the plaintiff's wife called at the defendant's store and saw the furniture. On July 23, 1909, the plaintiff sent a letter to the defendant, inclosing the balance of the purchase price. In this letter he said:

"I also want you to look at the bed once more. It struck me the evening that I saw it, and it struck Mrs. Piller when she saw it, that the bed is a little lighter than the other furniture. I shall certainly not be satisfied unless we have a complete set, so you had better look into this carefully before sending it out." ·

This furniture was paid for after it had been inspected by the plaintiff and his wife. Even after the plaintiff's wife had examined the furniture in the daytime, she seems not to have been able to determine whether all the pieces were of a uniform shade of color. A salesman, authorized to sell goods at the store of his employer by showing the articles to prospective purchasers, has no implied authority to give a warranty which is binding upon his employer, unless it is shown that it is usual in the market on a sale of that class of goods to give a warranty. Pennsylvania & Delaware Oil Co. v. Spitelnik, 27 Misc. Rep. 557, 58 N. Y. Supp. 311; Ellner v. Priestley, 39 Misc. Rep. 535, 80 N. Y. Supp. 371; Cafre v. Lockwood, 22 App. Div. 11, 47 N. Y. Supp. 916.

As the salesman was without authority to warrant the quality or color of the article sold, and as there was no evidence to show that such a warranty was usual in connection with the sale of this class of goods, it is unnecessary for us to discuss the other questions urged upon the appellant's brief.

Judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.