# Hackett *v.* Cash.

## Assumpsit.

.(Decided May 11, 1916.   72 South. 52.)

1. **Appeal and Error; Review; Finding of Fact.**—Statutes providing that on an appeal from a judgment entered by the trial court sitting without a jury, the appellate court shall review the action of the trial court without any presumption in favor of its finding, and render such judgment as the trial court should have rendered, have application only when the opportunities of the appellate court to consider the evidence is the same as that afforded to the trial court, and the appellate court will not disturb the conclusions or findings of the trial court where the finding is based on evidence which is given ore tenus, or partly so, unless it appears that such findings and conclusions are plainly and palpably contrary to the weight of the evidence.

2. **Same.**—Acts 1915, p. 824, is not intended to require the appellate court to disregard the finding of the trial court upon the facts when such trial court had better opportunity to pass on the evidence than the appellate court, and if so intended it would be an invasion by the legislature of the judiciary.

3. **Damages; Contract to Transfer Insurance; Breach.**—Where plaintiff sued defendant on a promissory note given for the sale of real estate, and defendant set up as a counter claim a breach of contract to transfer a fire insurance policy on the property sold, and the house burned, defendant's damages were what could have been realized on the policy if it had been properly transferred, which was the value of the property destroyed, not to exceed the amount of the policy, and the fact that the insurance company might have declined to receive defendant as a beneficiary, was no answer thereto, where it appeared that plaintiff made no effort to assign the policy and have defendant made the beneficiary as per the agreement.

4. **Same; Set off and Counter Claim; Pleading.**—Where defendant set up recoupment as for breach of a contract by plaintiff to transfer a fire insurance policy, proof by defendant of the contract and its breach, the destruction of the property insured and the policy, met the burden of proof, and made out a prima facie case as to damages. ∖       .        ·  ·    ∴     . ⁖

5. **Same.**—After defendant had made out such a prima facie case the burden passed to plaintiff to show that the policy could not have been enforced if he had complied with his contract to properly transfer it, by showing why and wherein it could not be enforced.

6. **Insurance; Fire; Payment to Mortgagee.**—Where a policy of fire insurance is upon the interest of the mortgagee, and does not accrue to the benefit of the mortgagor, the insurance company has a right to pay the mortgage, and take an assignment, or to become subrogated to the rights of the mortgagee, in case there is no assignment.

7. **Same; Payment to Mortgagee; Subrogation.**—Where a policy of insurance is taken by the owner for his own benefit, but payable to the mortgagee as his interest may appear, payment to the mortgagee would extinguish the mortgage indebtedness.

8. **Damages; Contract to Transfer Fire Policy; Pro Rata Clause.**—Where defendant set up counter claim for breach of contract to transfer a fire insurance policy, his damages could not be scaled, upon the pro rata clause in the policy in the proportion the policy bore to another policy, in which defendant did not participate.

9. **Insurance; Fire; Additional or Other.**—Where both the mortgagor and the mortgagee have separate insurance upon their respective interests, then neither policy can be said to be additional insurance with respect to the other policy; the terms "additional" and "other" as used in policies providing a forfeiture, means the same insurable interest in the property.

10. **Same.**—Where a policy of fire insurance permitted $1,000 additional insurance, it could not refer to a policy to which insured is not a party, and of which he knew nothing, but meant subsequent insurance.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by Thomas L. Hackett against Will Cash. From a judgment for defendant on his plea of recoupment, plaintiff appeals. Affirmed.

Plaintiff sought to recover on 14 promissory notes. The defendant set up that he bought a house and lot from Mr. Hackett, the purchase price being $2,200, including a $1,600 mortgage which was assumed by Cash in the purchase, the defendant paying $100 in cash, and agreeing to pay $30 per month, for which he executed the notes and mortgages sued on; that at the time of the transaction Hackett sold Cash an unexpired insurance policy for $1,500, which Hackett claimed the original mortgagee Loeb held; that Hackett sold the policy to him, but never transferred it; that the house was worth $2,000, and burned, and Cash had never collected anything on the $1,500 policy, but that he held another policy on the house and some furniture, which he took out himself, and on that policy he collected about $200; and that the premium on the unexpired term of the $1,500 policy entered

[Hackett v. Cash.]

into and was a part of the consideration of the notes sued on. It was admitted in open court between the parties that at the time of the trial Mr. Loeb held a mortgage on the property of $1,600, which mortgage was made previous to the time that Hackett bought the property, and was assumed by Hackett when he bought it, and by Cash when he bought from Hackett; that at the time of the fire there was in existence one policy in the Royal Exchange Assurance Company for $1,000, originally issued to Ivey, who sold the property to Hackett, and subsequently transferred by the company to Hackett, and that this policy was held by Mr. Loeb, the mortgagee, and contained the usual standard mortgage clause; that there was also a policy in the Glens Falls Insurance Company for $1,500 in the name of Thomas L. Hackett, which was in the possession of Mr. Loeb, and about which this case arose, which contained the usual loss payable form, and further provided that "This entire policy shall be void if insured now have or shall hereafter make or procure any other contract of insurance, whether vaild or not, on the property covered in whole or in part by this policy."

There was judgment for defendant on the plea of recoupment in the sum of $1,123.

STEINER, CRUM & WEIL, for appellant. WEIL, STAKELY & VARDAMAN, for appellee.

ANDERSON, C. J.—(1, 2) Whether or not the act of 1915 (page 824) regulating appeals from the judgments of the court without a jury applies to this case, which was tried before the statute was enacted, we need not decide, for the reason that it wrought no change from the present practice of the city court of Montgomery as to the weight to be accorded the finding of the trial court upon the facts, and which, with many other similar statutes, has been construed to mean that it can only apply where the opportunities of this court to consider the evidence is the same as the trial court, that is, when the evidence was taken by deposition; but when the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusion unless it is plainly and palpably contrary to the weight of the evidence.— *Thompson v. Collier,* 170 Ala. 469, 54 South. 493, and a long line of decisions there cited. The Legislature evidently intended, by

this act of 1915, to provide for trials without a jury in all courts unless it was demanded, and to do away with the necessity of excepting to the finding or conclusion upon the facts in order to review the same in the appellate court, but did not mean to override a long line of the decisions of this court as to what weight would or would not be accorded the conclusion of the trial court upon the facts. Moreover, if it was otherwise intended, it would be an invasion of the judiciary to require this court to disregard the finding of the trial court upon facts when said trial court had a better opportunity to pass upon and consider the evidence than the appellate court. We hold that the trial court did not err in finding that the plaintiff agreed to assign the policy and to do so in a proper and legal manner, which included having it transferred upon the books of the company.

(3) It is next insisted that, even if there was a breach, the defendant sustained no damages, for the reason that the policy was noncollectable, even if it had been properly transferred upon the books of the company, and this record and the brief disclose quite a complicated state of affairs as to the different policies on this house and the beneficiaries thereunder. If Hackett agreed to transfer the policy and failed to do so, the appellee's damage was what could have been realized on the policy if it had been properly transferred, and which was the value of the property destroyed, not to exceed the amount provided for in the policy. Had Hackett attempted to comply with his contract and notified the company, and then the company declined to receive Cash as the beneficiary, we would have a different case, but, as he never undertook to properly transfer the policy and to notify the company, it can avail him nothing to try and excuse himself by saying the company might have rejected Cash as a beneficiary. He should have first complied with his contract and given the company a chance to do so instead of laying down on his contract and attempting to excuse himself upon the merest speculation that the company would not have accepted Cash in his place.

(4-7) It is true that it was incumbent upon Cash to prove his plea of recoupment, but, when he proved a breach of the contract and the destruction of the property, and introduced the policy, he met the burden, and made out a prima facie case as to damages. Then, if Hackett attempted to defeat a recovery because the policy could not have been enforced, even if he had

[Hackett v. Cash.]

complied with his contract to properly transfer same, the burden was upon him to show why and wherein it could not be enforced. This he attempted to do by showing other policies and facts as a cause for the forfeiture of the policy in question. Cash had no interest in the $1,000 policy in the Royal Exchange Assurance Company, because this policy was void as to Hackett and Cash. This company had not been notified of the sale of the real estate from Hackett to Cash, or, for that matter, from Ivey to Hackett. Therefore under this policy Cash was not entitled to anything on his loss. Nor was the payment to Loeb, the mortgagee, of his mortgage indebtedness of any benefit to Cash, as it did not extinguish the mortgage indebtedness, the mortgage having been assigned to the companies. Moreover, while the policies may have been binding in favor of the mortgagee, Loeb, they were void as to Cash, the then owner of the property, and, such being the case, the companies had the right to pay the mortgage and take. an assignment or to become subrogated to the rights of the mortgagee in case there was no assignment. This, of course, would not be the case where the policy was valid as to the owner and was procured by him for his own benefit, but payable to the mortgagee as his interest might appear; for in the last instance the payment to the mortgagee would extinguish the mortgage indebtedness.—*Baker v. Monumental Savings Co.*, 58 W. Va. 408, 52 S. E. 403, 3 L. R. A. (N. S.) 79, 112 Am. St. Rep. 996, and note; 19 Cyc. 895.

(8) We are not impressed with the contention that the amount of Cash's recovery should be sealed upon the pro rata clause in the policy; that is, in proportion to what the policy in question bore to the Royal policy. This applies to insurance upon the same insurable interest, and in which Hackett, or his assignee, Cash, could participate in case there had been no forfeiture, and, as above stated, and as conceded by appellant, Hackett nor Cash had any interest in or right to the older policy.

(9, 10) It is also contended that the policy in question was void because of a clause therein contained rendering it so because of additional or other insurance; but the previous policy was upon the interest of Loeb, the mortgagee, and did not accrue to the benefit of Hackett or Cash. It is settled law that the terms "additional insurance" and "other insurance," as used in policies providing a forfeiture, means the same insurable interest in the property. If both the mortgagor and mortgagee of

real estate have separate insurance upon their respective interests, then neither policy can be said to be additional insurance with respect to the other policy.—*Copeland v. Phoenix Co.*, 96 Ala. 615, 11 South. 746, 38 Am. St. Rep. 134. The appellant, however, contends that the subsequent insurance taken out by Cash himself was "additional insurance," and the correctness of this contention may be conceded, as the policy in question permitted $1,000 additional insurance, and evidently did not refer to the Royal policy, to which Hackett was not a party, and which he knew nothing about when procuring the policy in question, but must have meant subsequent insurance.

Finding no reversible error in the record, the judgment of the city court is affirmed.

Affirmed. All the Justices concur.