(77 South. 240)

PENNY et al. v. QUINN.    (1 Div. 203.)

(Court of Appeals of Alabama.    Nov. 22, 1917.)

1. LANDLORD AND TENANT ⬅➡101—TERMINA-TION OF LEASE BY DESTRUCTION OF BUILD-ING—PARTIAL DESTRUCTION.

The partial destruction of a building does not terminate a lease which provides for termination if the premises are destroyed.

2. APPEAL AND ERROR ⬅➡1012(1)—LANDLORD AND TENANT ⬅➡233(2)—REVIEW—FINDING OF FACT.

In an action for rent, whether the premises had been rendered untenantable by partial destruction, the lease providing that, if the house should be destroyed, or become untenantable by fire, the rent should cease from the date, was a question of fact, a finding on which will not be disturbed unless the facts plainly and palpably show the conclusion is contrary to the weight of the evidence.

3. APPEAL AND ERROR ⬅➡1011(1)—REVIEW—QUESTIONS OF FACT.

In an action for rent, the question of the forfeiture of future rent under the surrender and abandonment of possession by the tenants, and also the question of eviction by the landlord, were questions of fact determined by the trial court on disputed evidence, which cannot be reviewed.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by Ellen Quinn against Nellie Z. Penny and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. I. Clemmons, of Mobile, for appellants. Boyles & Kohn, of Mobile, for appellee.

SAMFORD, J. On the 18th of September, 1914, the appellants rented from appellee, by written lease, one room on the first floor of a certain building in Mobile, Ala., together with the privilege of using a certain alley adjoining as a kitchen, for the purpose of conducting a restaurant, appellants to do all repairs. There was a clause in said lease providing that:

"In case the house should be destroyed or become untenantable by fire, rent to cease from said date."

On March 29, 1915, a fire occurred on the premises, which burned a hole in the partition, the plaintiff claiming such hole to be 12 inches long and about 6 inches wide, the defendants claiming that the hole was larger, that a door was broken in, and that the gas stove used in connection with the business was put out of commission. Upon the agents of the owner refusing to repair the damage at once, appellants paid the rent due to that day, removed from the premises, and refused to pay the remainder of the rent called for by the contract.

[1, 2] The case was tried by the court without a jury, and judgment was rendered for plaintiff. Under the undisputed evidence there was but a small part of the premises destroyed by the fire. A partial destruction of a building does not terminate a lease, which provides for its termination if the premises are destroyed (24 Cyc. p. 1346 [III],

and authorities there cited), and the question of whether the premises had been rendered untenantable was one of fact which was passed upon by the court, which finding this court will not disturb, unless the facts plainly and palpably show that the conclusion is contrary to the weight of the evidence (Hackett v. Cash, 196 Ala. 403, 72 South. 53).

[3] The question of the forfeiture of future rent under the surrender and abandonment of the possession of the premises by appellants, and also the question of the eviction of the appellants by appellee, were questions of fact determined by the court from disputed evidence, and the facts as disclosed would not justify this court in disturbing those findings. Authorities supra.

We find no error in the record, and the judgment is affirmed.

Affirmed.