(92 South. 449)

## FRANKLIN MOTOR CAR CO., Inc., v. RATLIFF. (7 Div. 289.)

(Supreme Court of Alabama. April 20, 1922.)

1. Sales ⬧273(1)—Automobile dealer impliedly warrants car is reasonably fit for use.

In the absence of an express warranty, the law implies a warranty on the part of the seller of an automobile that it should be reasonably adapted to the uses for which it was made and sold; that it should be a reasonably good automobile, its class and price considered.

2. Sales ⬧435(4)—Pleas held sufficient to allege defects breaching implied and express warranties.

Pleas alleging an implied or express warranty of an automobile as free from defects in material and workmanship, and alleging that it was not free from such defects, but that the axle, the differential, and the clutch were defective, sufficiently described the defects in the machine.

3. Sales ⬧266—Automobile dealer impliedly warrants car will not be damaged between sale and delivery.

An automobile dealer who sells a car for future delivery impliedly warrants that it will not be damaged between the time of the sale and delivery, but will be delivered in as good condition as when sold.

4. Sales ⬧441(3)—Evidence held to sustain finding automobile was damaged before delivery.

In detinue to recover an automobile for failure to pay the balance of the purchase price, evidence held to show that the automobile was damaged by the seller's agent while driving it to the place of delivery, so as to sustain defendant's pleas of recoupment for damages for breach of warranty.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by the Franklin Motor Car Company, Incorporated, against S. L. Ratliff, in detinue for the recovery of an automobile. Judgment for the plaintiff in an insufficient amount, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Plea 6 is as follows:

Said car sued for was sold to defendant by plaintiff. Defendant was unable at the time of the purchase and sale, by examination or inspection, to detect defects, even where they existed, in automobiles or the car sued for. That as a part of the consideration for the sale of the car by the plaintiff to defendant said car was to be delivered to defendant at his home in Gadsden. That plaintiff sent said car to defendant through the country by one of its agents or servants, and that said agent or servant, while acting within the line and scope of his authority, and for the plaintiff, and en route from Birmingham to Gadsden, ran said car into a ditch or over an embankment, causing said car, before delivered to defendant, to be badly damaged and injured, the motor being out of line, the transmission differential, the rear axles, the springs, and other vital parts of said car being damaged and injured, rendering said car of little value. That said car was delivered to defendant at Gadsden in the nighttime and in the dark, so that defendant was unable, if he could otherwise have done so, to detect by inspection the damage and injuries done to said car en route from Birmingham. And the defendant avers that said agent or servant of the plaintiff knew of said damage and injuries done to said car at the time of the said delivery to defendant, and purposely refrained from mentioning same or telling defendant anything about them. Wherefore defendant avers he did not receive the car which he purchased in the condition it was when it was purchased, but it was injured and damaged as aforesaid; that plaintiff often agreed to repair said injuries and damages done said car after demand promptly made by defendant of it to do so, but has wholly failed to do so, all to the damage of defendant in the sum of $1,500, which he offers to set off and recoup as against the demand of plaintiff.

Hood & Murphree, of Gadsden, for appellant.

Pleas 6 and 7 were subject to the demurrers interposed. 201 Ala. 222, 77 South. 748. The court erred in admitting evidence of the defendant as to the damages to the car and as to other matters outside of the sales contract. 17 Ala. App. 310, 85 South. 593; 77 South. 961.

W. J. Boykin, of Gadsden, for appellee.

The defendant paid the amount found due, together with the costs, as provided by sections 3789–3791, Code 1907, and the appellant is without right to ask a review of this case. 42 Ala. 218; 1 Michie's Digest, p. 336. Pleas 6 and 7 were proper pleas. 200 Ala. 18, 75 South. 330.

SAYRE, J. Plaintiff, the Franklin Motor Car Company, sold an automobile to defendant, reserving title to secure deferred payments on the purchase price. Defendant made default in payment, and plaintiff brought statutory detinue to recover the machine. Under authority of section 3789 of the Code defendant filed his suggestion requiring the jury to ascertain the unpaid balance of the purchase price of the machine, and also filed special pleas of recoupment 6 and 7, demurrers to which were overruled. In pursuance of the suggestion the jury found a small balance due from defendant to plaintiff, which, within 30 days, was paid to the clerk of the court for plaintiff. Plaintiff has appealed, and, as to the pleadings, assigns for error the rulings in favor of the special pleas noted above.

[1] The pleas were sufficient. As to 6: An automobile is a machine. In the absence of

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

an express agreement as to warranty, the law implied a warranty on the part of the seller that the subject of this sale should be reasonably adapted to the uses for which it was made and sold—uses universally understood; that it should be a reasonably good automobile, its class and price considered; and, if it fell below this standard, there was a breach of this implied warranty. Snow v. Schomacker Mfg. Co., 69 Ala. 111, 44 Am. Rep. 509; 11 Mich. Dig. p. 708, §§ 217(1), (2).

[2] This plea, alleging that various vital parts of the automobile (named in the plea) had been badly damaged between the time of the contract of sale and delivery to defendant, rendering the car of little value, to the damage of defendant, etc., stated, as for any ground of demurrer assigned, a good cause of recoupment. Plea 7 alleged an express warranty that the automobile was free from defects in material and workmanship, and that vital parts thereof were not free from defects and workmanship in this: The axle was defective, the differential and the clutch were defective, etc., to defendant's damage, etc., and these averments sufficiently described the defects in the machine.

[3] Plaintiff's evidence went to show an agreement in writing between the parties, "comprising the entire agreement pertaining to this purchase," and containing the stipulation that—

"The only guaranty under which this car is sold is the regular standard automobile manufacturer's guaranty."

It appeared that the manufacturer's warranty was as follows:

"We warrant each new motor vehicle manufactured by us to be free from defects in material and workmanship under normal use and service, our obligation under this warranty being limited to making good at our factory any part or parts thereof which shall, within ninety (90) days after delivery of such vehicle to the original purchaser, be returned to us with transportation charges paid, and which our examination shall disclose to our satisfaction to have been defective," etc.

Defendant was permitted, over plaintiff's objection and exception, to show that, while the car in question was being driven by an agent of plaintiff from Birmingham to Gadsden for delivery to defendant at the place last mentioned, it had been driven into a ditch, causing the various injuries upon which defendant counted in his pleas of recoupment. In this there was no error. It is true that the parties, at the time of the contract of sale, entered into an exclusive covenant of warranty as to the condition of the machine; but this, according to our view, did not exclude the warranty, implied by every consideration of common honesty and intelligence, that, so far at least as concerned anything done or suffered by plaintiff while the car was yet in its possession, the condition of the car upon delivery should be the same as at the time of the contract of sale.

[4] On the whole evidence plaintiff was not entitled to the affirmative charge against pleas 6 and 7. To notice some of the grounds on which the argument for these propositions is based:

Plaintiff undertook in the end to deliver the car to defendant in Gadsden, whatever may have been the contemplation of the parties at the time they entered into the written contract, and the plaintiff preferred and procured that the delivery should be made by its own agent. Evidence to this effect certainly supported the allegation of plea 6 as to the place where the car was to be delivered.

The testimony of Gallagher, an automobile mechanic who was in the car when it went through the bridge into the ditch, was that he examined the car and found that injuries, as alleged in the pleas, had been caused thereby, and that plaintiff's agent, driving the car, suggested that it was best not to inform defendant of the accident, and asked that he say nothing about it. From this the jury may have rightfully inferred that plaintiff's agent knew of the damage done to the car, substantially as alleged—if that was a material allegation of the plea.

Plea 7 was supported by the evidence out of which the law implied a warranty that the condition of the car had not changed between the time of the contract of sale and the time of delivery.

Most likely the damages awarded to defendant under his pleas of recoupment were excessive; but no motion for a review of the verdict in this or any other particular was made, and the trial court cannot be put in error for what it had no opportunity to correct.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.