(96 South. 196)

## HICKS AUTO CO. v. HANDLEY MEEK CO. (7 Div. 374.)

(Supreme Court of Alabama. April 26, 1923.)

Appeal and error ⚏242(4)—Where court did not rule on objection to evidence, no question presented for review.

Where the trial court did not rule on the objection to the admission in evidence of checks, no question was presented on appeal for review.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Action by the Handley Meek Company against the Hicks Auto Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

---

⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Isbell & Scott, of Ft. Payne, for appellant.

Counsel insist for error on various points, but cite no authorities.

W. U. Jacoway and Baker & Baker, all of Ft. Payne, for appellee.

Counsel argue the points raised, without citing authorities.

McCLELLAN, J. This action was instituted by appellee against appellant. The first count declares on two unpaid checks, issued and delivered to plaintiff by the defendant. Code, § 5132; Cruger v. Armstrong, 3 Johns. Cas. (N. Y.) 5, 2 Am. Dec. 126; 8 C. J. pp. 810, 811. The second count is on an account for goods, etc., sold by plaintiff to defendant. The third count is on an account stated—referring to the giving of the checks in suit in connection with the allegation of stated account. The pleas were the general issue and set-off and recoupment consequent upon the return and acceptance of goods, etc., shipped to defendant by plaintiff, and, also, for breach of warranty in respect of automobile tires that were returned to and received by the plaintiff; constituting, it is averred, the consideration of the indebtedness declared on. None of the pleading was tested by demurrer or otherwise.

The cause was tried by the court without jury—taking the testimony ore tenus. Hackett v. Cash, 196 Ala. 403, 72 South. 52, and many others in its line.

The only assignment of error even apparently insisted upon in brief is the action of the trial court in admitting in evidence the checks declared on. After the plaintiff had offered the checks in evidence and had concluded its testimony, the defendant sought to interpose objection to their admission in evidence. Aside from the belated character of the objection, the court did not rule on the objection. There is nothing presented for review.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.