(113 So. 32)

**BOOKMILLER v. JONES.    (7 Div. 732.)**

Supreme Court of Alabama.    April 21, 1927.

Rehearing Denied June 2, 1927.

*1. Logs and logging* $\Longleftrightarrow$ *33(9½)—Whether co-worker was jointly interested with plaintiff in wages due held question of fact in action to enforce lien on timber.*

Question whether another was jointly interested with laborer in recovering compensation for joint labor *held* question of fact in laborer's action for lien on timber and cross-ties.

*2. Appeal and error* $\Longleftrightarrow$ *1008(1)—Determination on viva voce testimony by court sitting without jury of ordinary jury question will not be disturbed.*

Determination by trial court sitting without jury on testimony heard viva voce of ordinary jury question will not be disturbed.

On Rehearing.

*3. Appeal and error* $\Longleftrightarrow$ *931(1)—Judgment of court on evidence in case tried without jury is presumed correct, where evidence is heard viva voce or credibility of witnesses is involved (Code 1923, § 9498).*

Code 1923, § 9498, providing that judgments of court on evidence in cases tried without jury may be reviewed without presumption in favor of court below, does not apply where evidence is heard viva voce, or where question of credibility of witnesses arises.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by A. T. Jones against C. L. Bookmiller. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Plaintiff (appellee) sued defendant (appellant) on January 7, 1926, for work and labor done by plaintiff for defendant in December, 1925, and January, 1926, and claimed a lien therefor on timber and cross-ties on which the work was done and upon which an attachment was sued out and levied. In a second count claim is made for work and labor done in 1925.

Defendant pleaded the general issue, and also the limitation of 60 days as against the claim to a lien.

The trial court, sitting without a jury, rendered judgment on January 28, 1926, for plaintiff for $218.28, and condemned the property attached to the satisfaction of the debt.

Plaintiff testified:

"During November and December (1925) I hauled between 25,000 and 30,000 feet at $4 a thousand; I hauled in about 25,000 to 30,000 during January and February at $4 a thousand. * * * I stated there was between 25,000 and 30,000 feet, and I was entitled to $4 a thousand. That is the lumber that was attached at the Savage crossing."

Plaintiff's testimony tended to show that he was working with one Savage during November and December, but not for him, and that defendant employed plaintiff and was indebted to him separately for his one-half of the haulage.

Defendant's testimony tended to show that one Savage contracted with defendant to do the hauling in question, and that plaintiff was employed by Savage as helper on a 50-50 basis, but the whole compensation was due primarily to Savage, and that the amount due to Savage for the work in November and December, 1925, was $130, and plaintiff was entitled to one-third of that.

Frank B. Embry, of Pell City, and Goodwyn & Goodwyn, of Montgomery, for appellant.

If plaintiff ever had a transfer of the property attached, it was barred by the 60-day statute. Code 1923, § 8903. If defendant owed any amount, it was to plaintiff and Savage jointly, and Savage should have been made a party plaintiff. Hood v. Warren, 205 Ala. 332, 87 So. 524; Bolton v. Cuthbert, 132 Ala. 403, 31 So. 358, 90 Am. St. Rep. 914.

Starnes & Starnes, of Pell City, for appellee.

Every reasonable presumption will be indulged in favor of the correctness of the conclusions of the trial court. Gurley v. Henderson, 21 Ala. App. 569, 110 So. 63; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; Dicks v. McAllister, 20 Ala. App. 5, 100 So. 631.

SOMERVILLE, J. It is inferable from the testimony that the laborer's lien asserted by plaintiff on January 7, 1926, was for work done or completed within the period of 60 days preceding, and hence the plea of 60 days' limitation was properly denied. The

---

plea would have been good as to labor done under other contract assignments prior to September 28, 1925, but the record does not present that question.

[1] It is insisted that plaintiff, suing alone, could not recover, because his coworker, Savage, was jointly interested with him in the compensation due for their joint or concurrent labor and was therefore a necessary party plaintiff to the suit.

[2] Probably the weight of the evidence supports that view, but, on the whole, it was fairly a jury question, and its determination by the trial court, on testimony heard viva voce, will not be disturbed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SOMERVILLE, J. [3] Counsel for appellant take us to task for overlooking or disregarding section 9498 of the Code providing that:

"Either party to a civil cause tried by the court without the intervention of a jury may present for review by bill of exceptions the conclusions and judgment of the court on the evidence and the Court of Appeals or Supreme Court shall review the same without any presumption in favor of the court below. * * *"

We refer counsel to the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, and to Halle v. Brooks, 209 Ala. 486, 96 So. 341, wherein the application of the statute is restricted to cases where the evidence is not heard viva voce, or where there is no question of the credibility of witnesses. Numerous other cases have confirmed this construction, and it is too well settled to permit of any further discussion.