142 So. 65

**HALL v. CLARK.**

**5 Div. 111.**

Supreme Court of Alabama.

May 26, 1932.

Warren S. Reese, of Montgomery, for appellant.

88

C. T. Reneau and Holley, Milner & Holley, all of Wetumpka, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

**KNIGHT, J.**

■ Suit by Dwight G. Clark against Mrs. Thera C. Hall, instituted in the circuit court to recover upon a promissory note, executed by appellant, and her husband, to Mrs. Mary G. Clark, or order, and by the latter indorsed to the appellee, Dwight G. Clark. Among other pleas, the defendant in the court below filed a plea setting up the defense, that the indebtedness evidenced by the note was the individual debt of her husband, Warren D. Hall, and that she signed the same as the surety of her husband. If true, the plea presented a perfect defense to the action. Code, § 8272. Its sufficiency was not questioned in any way, and issue was joined on it.

The cause was tried by the court without a jury. The court rendered judgment for the defendant, but, at a subsequent day of the term, the plaintiff filed motion for a new trial, basing his motion upon a number of grounds, and among them the following:

"1. The judgment was contrary to the evidence.

"2. The judgment was contrary to law.

"3. The court erred in rendering judgment for defendant.

"4. The judgment was contrary to the preponderance of the evidence."

In sustaining plaintiff's motion for a new trial, the trial court did not intimate upon what ground the motion was granted. The defendant duly excepted to this action of the court, and, from the order granting the new trial, this appeal is prosecuted.

The evidence offered on the trial of the cause was in conflict, and an issue of fact was presented for the determination of the trial court, sitting without a jury.

■■ This court has repeatedly held that a verdict rendered by a jury in a cause should not be disturbed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740. And this court has also held that the order granting a new trial, in a case tried by jury, will not be reversed here "unless the evidence plainly and palpably supports the verdict." Cobb v. Malone & Collins, supra; and Merrill v. Brantley & Co., 133 Ala. 537–539, 31 So. 847.

■ The judgment of the court, which tried this case without a jury, had the force and effect of a verdict of the jury. This proposition has been repeatedly announced. Louis Pizitz Dry Goods Co. v. House of Van Praag, Inc., 219 Ala. 183, 121 So. 701; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Benton Merc. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Odom v. County Coal Co., 212 Ala. 374, 103 So. 42.

And when the trial court reached the conclusion that its finding of fact, and judgment entered thereon, were erroneous, and, acting upon that conclusion, granted the new trial, the case occupied the same relative position as if the court had set aside a verdict of the jury and granted a new trial. Its order granting the new trial will not be disturbed, on appeal, unless the evidence plainly and palpably supports the original finding. Cobb v. Malone, supra; Louis Pizitz Dry Goods Co. v. House of Van Praag, supra; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Thompson v. Collier, 170 Ala. 469, 54 So. 493.

■ There was a conflict in evidence in this case, and different inferences could be drawn therefrom. The evidence, except as to certain documents, was given ore tenus, and the trial court had the advantage of "seeing and hearing the witnesses"; and its final conclusion, as expressed in the order granting the new trial, should not be disturbed unless it is plainly and palpably contrary to the weight of the evidence. After a careful examination of the evidence, we cannot affirm that the learned trial judge, now dead, committed error in granting the motion for a new trial.

The granting of the motion for a new trial being the only error assigned upon the rec-

-ord, the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.