# Phœnix Insurance Co. *v.* Copeland.

*Action by Assignee, on Policy of Insurance against Fire.*

1. *Action by assignee; proof of assignment; plea verified by affidavit.* In an action by the assignee of an instrument in writing, if the assignment is not impeached by plea verified by affidavit (Code, § 2770), it is admissible as evidence without proof of its execution.

2. *Error without injury in rulings on demurrer.*—If a demurrer to a special plea is erroneously sustained, the ruling is not a ground of reversal, when the record shows that the defendant had the benefit of the same defense under other special pleas.

3. *Stipulations in policy as to incumbrances; statements to agent, as notice to principal.*—If the assured, while negotiating for a policy with the agent of the insurance company, truly stated the condition of the property, and exhibited the papers showing the nature and extent of the incumbrances on it, the insurance company is chargeable with notice of such incumbrances, and can not claim that they were violative of a warranty or stipulation against incumbrances.

4. *Stipulation against "other insurance, whether valid or not."*—When a policy contains a stipulation that it shall be void, "if the assured shall have, or shall hereafter make, any other insurance on the property, whether valid or not, without the consent of the company written hereon;" it is avoided by the existence or procurement of other insurance which is not void on its face, or which requires a resort to extrinsic evidence to show its invalidity.

5. *Waiver of forfeiture; admissions of agent, as estoppel against principal.*—If plaintiff, suing as the assignee of a policy of insurance, was induced to purchase it after a loss had occurred, by the representations of an agent of the insurance company, through whom the policy was issued, and to whom he applied for information before buying, to the effect that the policy was all right, and that the loss would be paid; the insurance company can not defeat the action by setting up a forfeiture, provided the agent had authority to make such admissions or statements; but authority to solicit and receive proposals for insurance, to fix the rates of premium, receive the money, countersign, issue and renew the policies, and consent to their transfer when signed by the proper officers, does not confer power to waive a forfeiture, or to bind his principal by such admissions.

[Phœnix Insurance Co. v. Copeland.]

APPEAL from the Circuit Court of Chambers.

Tried before the HON. WM. L. HOOD, as special judge.

This action was brought by Alpheus T. Copeland, as the assignee of Mrs. Dora Roberts and her husband, against the appellant, a New York corporation doing business in Alabama through its agents; and was founded on a policy of insurance against loss by fire, which Mrs. Roberts had effected with the defendant, on a house occupied by her as a family residence. The policy was for $1,500, dated February 1st, 1887, and for the term of one year. The house was destroyed by fire on the night of June 26th, 1887. Mrs. Roberts had bought the property from said A. T. Copeland, the plaintiff, and she and her husband had executed to him a mortgage for the purchase-money unpaid; and on July 2d, 1887, after the destruction of the house, the policy was assigned to him, by indorsement dated that day, which purported to be signed by both of them, for valuable consideration as recited. The action was commenced on the 24th September, 1887. The defense seems to have been, principally, that the policy was forfeited and avoided by the breach of the stipulations therein contained: 1st, a stipulation against incumbrances; 2d, a stipulation against other insurance without the consent of the defendant. It appeared that the negotiations for the policy were conducted by and between J. T. Roberts, the husband of Mrs. Dora Roberts, as her agent, and W. S. Jackson as agent for the defendant corporation. In reply to the defenses set up, the plaintiff contended that, during the negotiations for the policy, Roberts stated and exhibited to Jackson the true state of the title to the property, with the several incumbrances on it, and Jackson expressed himself satisfied with it; and further, that plaintiff, before taking an assignment of the policy, applied to Jackson for information, and was assured by him that the loss would be paid. The questions arising out of these defenses, with collateral issues, were presented in many different phases, both in the pleadings, and in charges given and refused. There are 66 assignments of error in this court, of which 19 are based on rulings on the pleadings, 19 on rulings on evidence, 17 on the refusal of charges asked, and 10 on charges given. The material questions decided will be easily understood from the opinion of the court, in connection with the former report of the case (86 Ala. 551-58), without any further statement of facts.

TOMPKINS & TROY, for appellant.

JNO. M. CHILTON, contra.    (No briefs on file.)

[Phœnix Insurance Co. v. Copeland.]

CLOPTON, J.—Defendant, the Phœnix Insurance Company, issued the policy, on which this action is founded, to Mrs. Dora Roberts, February 1, 1887, and thereby insured against loss or damage by fire a building occupied by her as a residence. Defendant objected to the introduction in evidence of the transfer of the policy, by virtue of which plaintiff claims the right to sue thereon in his own name. It, may be conceded, that the assignment of the policy to plaintiff, not having been signed by Mrs. Roberts, did not, under section 2348 of the Code, operate to pass the title to plaintiff, so as to authorize him to sue thereon in his own name; but, not having been impeached by plea, verified by affidavit, it must be deemed genuine.—Code, § 2770.

When this case was before the court at a previous term (86 Ala. 551), all the material and controlling questions now involved, exclusive of the rulings in relation to the admission and exclusion of evidence, with probably two exceptions, were considered and decided. It was ruled, that there was no available error in the rulings on demurrer to the pleadings as they then stood, on the ground that the defendant had the benefit, under the pleas to which demurrers were overruled, of any defense which could have been had under those to which demurrers were sustained. The same observation applies to the pleadings as they now stand; we shall, therefore, not consider the propriety of the court's rulings on the several demurrers.

The policy contained a stipulation that it should be void, "if the property hereby insured, or any part thereof, is mortgaged, or otherwise incumbered, either prior or subsequent to date hereof, without consent of the company written thereon." The issuance of the policy, the destruction of the property, and its value being undisputed, and there being no controversy as to the existence of three mortgages on the property prior to and at the time of the issuance of the policy— two executed by plaintiff himself to the New England Mortgage Security Company and B. K. Collier, respectively, and the third by Mrs. Roberts and her husband to plaintiff, from whom she purchased the property, to secure the purchase-money—the first controverted issue involves the information alleged to have been communicated to Jackson, the agent of the defendant, of the mortgages, while acting in the scope of his agency. There being evidence tending to show that Roberts, who represented his wife in obtaining the insurance, exhibited to Jackson an unsigned mortgage, showing the nature and extent of the incumbrances, the court substantially instructed the jury that, if this were true, Jackson was charged,

and through him the company, with notice of the mortgages. The principle underlying this charge was virtually announced on the former appeal. In passing upon plaintiff's replication, averring the fact that Roberts laid before Jackson papers showing the nature and extent of the incumbrances resting on the property, it was said: "This, if true, brought home to Jackson's knowledge the true condition of the title, contemporaneously with the acts done by him in placing the insurance." The charges in respect to this matter, given at the request of the plaintiff, are free from error.

The policy contained also a stipulation that it should be void, "if the assured shall have, or shall hereafter make, any other insurance (whether valid or not) on the property, without the consent of the company written hereon." It is uncontroverted, that at the time of the issuance of the policy there was other insurance on the property to the amount of eight hundred dollars, issued by the Central City Fire Insurance Company. The evidence shows that this insurance was for, and enured to the benefit of Mrs. Roberts, though taken in the name of plaintiff, and the loss, if any, payable to the New England Mortgage Security Company.—*Holbrook v. Am. Ins. Co.*, 1 Curtis, 193. The policy contained a stipulation, that it shall be void if the property was sold or transferred, or if any change took place in the title or possession without the consent of the company indorsed thereon. It appearing that the property was sold and transferred, the court instructed the jury, that by its terms and conditions the policy became void when plaintiff transferred the property to Mrs. Roberts, unless by negotiation she was placed in the stead of plaintiff, and the company recognized its obligation to her, or to another for her, in case of loss; and if there had been no such negotiation before the policy sued on was issued, the first policy was void, and there was no double insurance. Charges requested by defendant, asserting the converse proposition, were refused.

There are many authorities, especially in Massachusetts, Virginia, Ohio, Missouri, and other States, which hold that, when the condition in respect to further insurance is general, without qualifying words, only valuable and enforceable insurance is brought within the operation of the condition. There are also cases, notably *Gee v. Insurance Co.*, 55 N. H. 65, which hold, that when the words, *whether valid or not*, are employed, the condition is inconsistent with the scope and effect of the contract, and is void. There are other cases which hold, that when these words are employed, other insurance, whether prior or subsequent, is within the prohibition against further

insurance, though the insurer may avoid the policy for breach of condition.—*Phœnix Ins. Co. v. Lamar*, 106 Ind. 513 ; s. c., Amer. Rep. 764 ; *Funke v. Min. Far. Mut. Fire Ins. Co.*, 43 Amer. Rep. 122 ; *Allen v. Mer. Mut. Ins. Co.*, 31 Amer. Rep. 243. The doctrine, on which the cases of the last class proceed, seems to be well supported by sound reason, and to effectuate the intention of the parties, being in furtherance of the objects of such conditions. One manifest purpose is, by compelling the assured to bear a part of the risk, to remove temptation to destroy his own property, and to afford a stimulus to exercise care and diligence in its protection, which purpose is defeated, though the other insurance may be invalid,. if the insured believes it to be valid, as he must do, otherwise he would not expend money in procuring it. Another purpose is, to relieve the company of the burden of proving the validity of such other insurance, by having to show the consent of the company, or a waiver of the forfeiture, or otherwise. Again, it is sufficient reason that the parties, competent to fix the terms of their contract, have so contracted. Such condition is not violative of any rule of law, or public policy. A construction, that only valid and enforceable insurance comes within the scope of the condition, disregards the plain import of the contract, and the objects which the parties intended to accomplish, and devolves on the court the inconvenience and burden of trying collateral issues, involving the validity of a contract other than the one sued on. But it is unnecessary to pursue the argument further, for it has been so clearly and ably presented in the cases cited, that any effort to strengthen it would prove futile. Upon a consideration of the cases, the principles upon which their conclusions are rested, and the reasoning by which they are sustained, we adopt the view, that when the insurer is required to resort to proof of extrinsic facts to avoid the policy—when it is not void upon its face— having or obtaining such insurance without the consent of the company, is a breach of the condition against further insurance, and renders the policy void. Therefore, if the question as to Jackson's notice of the existing incumbrances be determined adversely to defendant, the inquiry, there being no pretense that Jackson or the company was notified of the prior insurance, is narrowed to his authority to bind or estop the company by his alleged admission to plaintiff, and to the fact of such admission. The evidence discloses that he was the soliciting agent, authorized to receive proposals for insurance, fix the rates of premium, receive the money, countersign, issue and renew the policies, and consent to their transfer when signed by the president or secretary.

[Roach v. Privett.]

The second replication filed by plaintiff to the plea of defendant setting up other insurance avers, that before purchasing plaintiff consulted Jackson, who informed him that the policy was all right, and that the loss would be paid, on which assurance he purchased and paid value for it, and that Jackson had authority to make such representation and bind the defendant thereby. On the first appeal, this replication was held to constitute a complete answer to the defense relied on. But it was added: "While we hold the second replication to to be sufficient as pleaded, it will be utterly worthless, if there is a failure to show Jackson's authority to bind the company by the admission he is alleged to have made." And in reference to such other insurance it is said: " " If that insurance in fact existed, and if the estoppel is not made good under the rule declared above, then the failure to notify Jackson, or the company, is fatal to this suit." In *Queen Insurance Co. v. Young*, 86 Ala. 424, we ruled, that an agent who is only authorized to solicit and take applications for insurance, receive the premium, and deliver the policy after having been signed by the proper officers, has no authority, express or implied, to waive a breach of the condition relating to additional insurance. The same ruling was made on the former appeal. The authority of Jackson, as shown by the evidence, relates to acts to be done before a loss occurs, and is not the equivalent of express authority to waive a forfeiture, or estop the company by admissions after loss. The court erred in refusing to so instruct the jury, at the request of the defendant.

There are some errors in the rulings of the court on the admission and exclusion of evidence unnecessary to consider. They may be avoided on another trial by admitting only such evidence as is relevant to the really controverted issues.

Reversed and remanded.