# Patrick *v.* Hutchason.

*Statutory Action in nature of Ejectment.*

1. *Construction of pleadings against pleader.*—No rule of pleading is more firmly established, or more generally applied, than that all pleadings must be construed against the pleader, on the presumption that he states his case most favorably for himself; and that if the pleading admits of two constructions, the court will adopt that which is less beneficial to him.

2. *Attornment by mortgagor in possession, to mortgagee, pending action by purchaser of equity of redemption.*—If the mortgagor in possession can defend against the further maintenance of an action by a purchaser of the equity of redemption, on the ground that, since the commencement of the suit, having made default in the payment of the secured debt, he surrendered the possession to the mortgagee on demand, accepted a lease from him, and holds only as his tenant; the plea must aver or show that the plaintiff sues as the assignee or purchaser of the equity of redemption. *Quære,* also, whether it should not aver that the surrender and attornment were made in good faith, and not by fraud or collusion; and whether it should not be pleaded to the further maintenance of the action for the land only, since the plaintiff would be entitled to recover the rents, or mesne profits, up to the time of the surrender to the mortgagee.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

[Patrick v. Hutchason.]

This action was brought by Joseph M. Hutchason, against Geo. H. Patrick, to recover the possession of a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 9th March, 1888. The defendant, on the 24th January, 1889, interposed a special plea *puis darrein continuance*, to which a demurrer was sustained; and the judgment on the demurrer is now assigned as error. The opinion states the material averments of the plea.

SEMPLE & GUNTER, for appellant, cited *Coyle v. Wilkins*, 57 Ala. 108; *Simmons v. Brown*, 7 R. I. 427; 84 Amer. Dec. 569; Stephen's Pl., § 176.

TOMPKINS & TROY, *contra*.

CLOPTON, J.—The statutory real action for the recovery of the lands in the complaint mentioned, was commenced by appellee, March 9, 1888. The plea *puis darrein continuance*, filed January 24, 1889, sets up the following facts against the further maintenance of the action: That on October 15, 1886, before the accrual of the right of the plaintiff, defendant executed a mortgage on the lands sued for to E. A. Tweed, to secure a debt evidenced by two notes, specially described as to dates and amounts, and maturing, respectively, January 1, 1888, and October 15, 1889, bearing interest payable semi-annually. Default was made in the payment of the debt as provided by the terms of the mortgage, whereby the mortgagee became entitled to demand and receive possession of the lands, and to hold the same against the plaintiff. Also, on January 23, 1889, defendant surrendered possession to the mortgagee, upon demand by her, and rented the premises from her, and was in possession, at the time of filing the plea, as her tenant, and not otherwise. The mortgage was duly recorded.

To this plea plaintiff interposed a demurrer, which was sustained by the court; and defendant refusing and declining to further plead, judgment was rendered for plaintiff.

Assuming as a fact that plaintiff is a purchaser under execution of defendant's interest in the lands, counsel for appellant suggest, that the only question arising on the plea and demurrer for argument is, whether a mortgagor, in possession at the commencement of the suit, can defend against an action of ejectment, brought by the purchaser of his equity of redemption, on the outstanding title of the mortgagee, and possession obtained from the mortgagee during the pendency of the suit, the mortgagor continuing in possession as his tenant.

The sufficiency of the facts averred in the plea, to bar the

21

[Patrick v. Hutchason.]

further maintenance of the action, does not call for a decision of this question, so elaborately discussed by appellant's counsel; for, if conceded that a mortgagor may, under such circumstances, defeat the action of ejectment, the fact that the plaintiff's right accrued by the acquisition of defendant's equity of redemption, is indispensable to perfect the defense. The plea does not aver that plaintiff is a purchaser of the equity of redemption, at a sale under execution against the mortgagor, or otherwise. There is no averment that the equity of redemption was ever sold under execution, or by the mortgagor himself, nor of any facts from which it is necessarily implied; neither does the fact appear from any portion of the record proper. Except from the affidavit of the defendant, on the motion for a new trial, which does not properly belong to the record, and can not be looked to for any purpose, the only information we have of the fact is received from the argument of counsel. It may be true, and we have no doubt is, as counsel state; but it should be averred in the plea, as a fact.

No rule of pleading is more firmly established, or more generally applied, than that all pleadings must be most strongly construed against the pleader; and on the presumption that he states his cause of action or defense most favorably for himself, if the pleading fairly admits of two constructions, the one less beneficial to him will be adopted. So construing the plea, the general averment, that the mortgage was executed before the accrual of the right of plaintiff, can not be regarded as an averment of the particular fact, that his right accrued by purchase of defendant's equity of redemption; nor does it negative the acquisition of an outstanding title from a stranger, paramount to the title of both the mortgagor and mortgagee, notwithstanding he may have himself acquired it after the execution of the mortgage. The plea admits that the defendant was in possession when the suit was commenced, and, without denying plaintiff's right to recover at that time, seeks to avoid a recovery on the mere facts, that, before plaintiff's right accrued, defendant had made a mortgage to a third person, to whom he surrendered, on demand, possession of the lands during the pendency of the suit, and who thereafter had possession through him as tenant. It will scarcely be contended, that these facts are, of themselves, sufficient to prevent plaintiff's further maintenance of the action, without regard to the source from, and the circumstances under which he acquired title. Averment and proof that plaintiff's right was derived by direct purchase from the mortgagor, or by a purchase of his interest under legal process, and is subordinate to the right and title of the mortgagee, or of facts showing the in-

[Darden v. Gerson & Winter.]

validity of the plaintiff's title as against defendant, are essential to render the defense effectual.

It may also be questioned, whether the plea should not have averred facts showing that the surrender of possession and renting from the mortgagee were *bona fide*—not a pretense, or collusion; and whether it is not obnoxious to the objection, that it professes to answer the whole complaint, and answers only a part; for, in any event, plaintiff is entitled to recover the *mesne* profits to the time the mortgagee obtained possession. Without expressing any opinion on these questions, or on the question argued by counsel, we hold the plea to be defective for the reasons stated, and the demurrer properly sustained.

Affirmed.