# Copeland *v.* Phœnix Insurance Company.

*Action by Assignee on Policy of Insurance.*

1. *Pleading violation of condition.*—In an action on an insurance policy, a plea setting up, that in violation of the terms of the policy there was at the time of the issuance of the policy, another policy on the property in favor of another party, but failing to show that such party had an insurable interest in the property, or that the policy was for the benefit of plaintiff—is demurrable.

2. *Condition in policy* —A policy providing that it should be void if the assured should have other insurance on the property without the insurer's consent, is not rendered void by the fact that when it was issued a third person had taken out a policy on the property, unless it is shown that the assured had some connection with, or interest in the prior policy.

APPEAL from Chambers Circuit Court.
Tried before Hon. J. B. DUKE, *Special Judge.*

J. M. CHILTON, and OLIVER & OLIVER, for appellants, cited *Commercial Ins. Co. v. Capital City Co.*, 81 Ala. 320; May on Ins. §§ 378, 380.

SANFORD & THOMAS, *contra.*

STONE, C. J.—This case has been twice before in this court, and most, if not all of the legal questions have been settled.—*Phœnix Ins. Co. v. Copeland,* 86 Ala. 551; 5 L. R. An. 848; *Same v. Same,* 90 Ala. 386. From the last trial in the court below only the rulings on the pleadings are presented for our revision.

The complaint counts on a policy of insurance, insuring a residence against injury or destruction by fire, and alleges that the building was destroyed by fire during the term covered by the policy. There were many pleas interposed, but the defense was rested mainly on two grounds: First, that in obtaining the insurance the title of the property was misrepresented as being unincumbered, whereas it was under two subsisting mortgages for specified, large sums; and, second, that it was represented there was no other insurance on the property, when in truth and in fact there was then existing an older, unexpired policy insuring the property against fire to the extent of eight hundred dollars.

Of the pleas to which plaintiff's demurrers were overruled, and which rulings are assigned as error, the one numbered 9 sets up in bar of the action that at the time the policy was sued out there were large, unsatisfied mortgages on the property, and that the policy contained a stipulation that such incumbrance should render the policy void. Pleas 10, 14, 15, 16, 18, 19, 20 and 21 each avers that it was one of the provisions of the policy that if there were any other insurance on the property, either prior or subsequent, such other insurance should render this policy void, unless written consent for the additional insurance should be indorsed on the policy. Each of these pleas then avers that without such consent being obtained, there was an older, existing policy of insurance on the property. And plea 19 also avers that the property was under said mortgage incumbrances.

Pleas 16 and 18 fail to state the amount, or any amount of such prior insurance, and on that account are possibly imperfect. This omission, is not assigned as a ground of demurrer, and we will not notice it. There is, however, an important omission in plea No. 18, which the demurrer brings to the attention of the court. That plea is in the following language:

"For further plea defendant says that at the time of the issuance of said policy one John T. Roberts procured the same for his wife Mrs. Dora Roberts, and stated to defendant's agent that there was no other insurance on said property, when in truth there was another policy of insurance at that time covering the house that was burned. Said prior

[Copeland v. Phœnix Insurance Co.]

policy was issued Dec. 20, 1886, by the Central Ins. Company, favor of A. F. Copeland, payable to the New England Mortgage and Security Company. And defendant avers that said representation was untrue. Defendant avers that the policy sued on was issued on the faith of said statement." One of the grounds of demurrer to plea 18 was and is, "Said plea fails to state any facts showing that said policy was for the benefit of Mrs. Dora Roberts."

We hold this ground of demurrer well taken. If Mrs. Roberts had no interest in this older policy, we are at a loss to conceive how it could influence her conduct, or how the fact of such other insurance issued to a stranger with whom she is not shown to have been connected, could increase her recovery, in the event the house should be burned.

There is another aspect of this question. To obtain fire insurance the applicant must be the owner of an insurable interest in the property sought to be insured. There are some interests less than absolute ownership which are treated as insurable, but a majority of the policies are issued on claims of complete ownership. See the authorities collated in *Com. Fire Ins. Co. v. Cap. City Ins. Co.*, 91 Ala. 320. The fact that the policy, the subject of the present suit, was issued to Mrs. Roberts, raises the presumption that she owned an insurable interest. She could not properly obtain the policy without such interest. What interest had Copeland in the property, on which he could and did acquire insurance? Should not the plea have averred that Copeland, at the time he took out the policy, had an insurable interest, or, should it not have shown in what manner Mrs. Roberts would become a beneficiary under it? Are we to conjecture he had such interest, and on such conjecture avoid the policy afterwards issued to Mrs. Roberts. In the absence of averment in the plea that Mrs. Roberts had an interest in that older policy, or would derive a benefit under it in the event the house should be burned, upon what principle can we hold that such former .policy, issued, so far as the plea informs us, to a mere stranger, bars her recovery in this suit? Each plea must stand or fall on its own averments.

Another view. The record in the present appeal does not contain a copy of that policy sued on. When the case was last before us—90 Ala. 386—the provision of the policy on which the defense we are considering was rested is set out, and is as follows : "If the assured shall have, or shall hereafter make any other insurance, (whether valid or not,) on the property, without the consent of the company written hereon," then the policy to be void. Mark the language :

[Gadsden Land and Imp. Co. v. First Nat. Bank of Gadsden.]

"If the *assured* shall have, or shall hereafter make any other insurance," &c.   Mrs. Roberts is the assured.   How can it be affirmed that a policy previously issued to Copeland constitutes other insurance to Mrs. Roberts, in the absence of averments showing her connection with, or interest in that policy?   The Circuit Court erred in overruling the demurrer to the 18th plea; and the same imperfection is found in pleas numbered 13, and 15, and, to some extent, in plea No. 20.

We hold that the Circuit Court rightly sustained demurrers to the replications.

Reversed and remanded.