# Wytheville

## New Brunswick Fire Insurance Company of New Brunswick, N. J., v. Morris Plan Bank of Portsmouth, Va.

### June 14, 1923.

1.  Insurance—*Other Insurance—Validity of Other Insurance.*—It has been frequently held that under a clause of an insurance company prohibiting other insurance, as the second policy is itself void for this reason, the action of the assured in taking it out is not a violation of the clause against other insurance in the first policy. In order to avoid the consequences of this construction, insurance companies have abandoned the clause merely prohibiting other insurance and substituted therefor language intended to make such additional insurance a cause for invalidating the policy, whether such additional insurance be valid or invalid, and it is generally conceded that such a provision is sufficient to accomplish its manifest purpose.

2.  Insurance—*Other Insurance—Public Policy.*—A sound public policy requires the enforcement of a condition against other insurance, whether valid or invalid. The over-insurance of property increases the moral hazard, and its inevitable tendency is to increase the rates imposed for insurance upon those who do not over-insure their property. This is an evil against which the companies have a right to protect themselves, and in which the insuring public has a very substantial interest.

3.  Insurance—*Other Insurance—Mortgagor and Mortgagee—Protection of Interest of Mortgagee.*—There is no practical difficulty in protecting the insurable interests of mortgagees. Instead of having the "loss payable" clause, which is the clause involved in the present case, the mortgagee may either insure in his own name, or he may have the benefit of what has come to be known as the "union mortgage" clause, by which it is stipulated that in case the loss is directed to be payable to a mortgagee, the interest of the mortgagee in the proceeds of the policy shall not be invalidated by the act or neglect of the mortgagor or owner of the insured property; or there may be a provision that no act or default of any person other than the mortgagee or those claiming under him shall affect his right to recover in case of a loss. Under such a clause no act or omission on the part of the owner, which occurs after the issuance of the policy, affects the mortgagee's right to recover.

4. INSURANCE—*Mortgagor and Mortgagee—Protection of Interest of Mortgagee—Payable to the Mortgagee as His Interest May Appear.*—Where there is merely a clause providing that the loss, if any, shall be payable to the mortgagee as his interest may appear, the contract as to the mortgagee is merely collateral to the principal undertaking to pay the mortgagor, the mortgagee is merely an appointee of the fund, his rights are no greater than those of the assured, and therefore a breach by the latter will avoid the policy as to the mortgagee.

5. INSURANCE—*Validity of Other Insurance—Policy Payable to Another—Case at Bar.*—The owner of an automobile insured the automobile in defendant insurance company for $2,000, loss payable, if any, to plaintiff, "as their interest may appear." The policy contained a clause: "If at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected the policy should be void;" and also a clause to the effect that the policy should be void, "if the assured or his agent shall make any attempt to defraud this company either before or after the loss." Without the knowledge of either the plaintiff or the company, the owner thereafter took out an additional policy of insurance for $2,000, with another company, which would have been valid at the time of the loss but for the existence of the policy sued on.

*Held:* That as the right of plaintiff was entirely derived from the assured, the contract was avoided by the assured's action, because of the additional insurance which he took out in the other company.

Error to a judgment of the Circuit Court of the city of Portsmouth, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Williams, Loyall & Tunstall*, for the plaintiff in error.

*Harry A. Brinkley*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error, hereafter called the company, insured an automobile for C. B. Toler. The policy (for $2,000) contained this clause: "Loss, if any, payable to

the Morris Plan Corporation, as their interest may appear." The defendant in error, Morris Plan Bank of Portsmouth, Virginia, hereafter called the plaintiff, has succeeded to all the rights of the Morris Plan Corporation. The automobile was destroyed, and its value at the date of its destruction was appraised at $1,600.00. The case was submitted to the trial judge, without the intervention of a jury, and there was a judgment in favor of the plaintiff for $1,305.12, the actual amount shown to be due to it by Toler.

It appeared upon the trial that among the conditions in the policy was one that it should be null and void, "If at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected;" and another that the policy should be void, "If the assured or his agent shall make any attempt to defraud this company either before or after the loss." It also appeared that, without the knowledge either of the plaintiff or of the company, Toler had thereafter taken out an additional policy of insurance upon the automobile for $2,000.00, with a company known as the National Union, which would have been valid at the time of the loss but for the existence of the policy sued on. That policy also had a similar clause, making it void "If at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected." 

The company claimed exemption from liability upon two grounds: (a) That its policy had been avoided by reason of the other insurance in the National Union; and (b) because the assured, Toler, in making his proof of loss under the policy sued on, swore that there was no other insurance upon the automobile; and is here assigning as error the refusal of the court to enter judgment in its favor.

[1] On the other hand, the plaintiff is here supporting the judgment and relying chiefly upon *Sutherland* v. *Old Dominion Insurance Co.*, 31 Gratt. (72 Va.) 176, where it was decided, under a clause of an insurance policy prohibiting other insurance, that the second policy, being itself void, is not a violation of the clause there involved. The language of that policy, however, is different from that here under consideration. The language there is, "If the assured shall have, or shall hereafter make, any insurance on the property hereby insured, or any part thereof, without the consent of this company written thereon, this policy shall be void." This difference clearly distinguishes that case from this. The question there decided has been the subject of much discussion and difference of opinion between the courts in this country, and it is doubtless true that the weight of authority accords with the conclusion of a majority of this court in the *Sutherland Case*, there being two dissentients. It is unnecessary here further to notice this conflict of opinion, because in order to avoid the consequences of the construction which was so frequently put upon this clause, the insurance companies have abandoned it and substituted therefor language intended to make such additional insurance a cause for invalidating the policy, whether such additional insurance be valid or invalid. Such clauses have also been construed differently by different courts. Some of the recent cases construing such a provision are collected in a note to 1 British Ruling Cases, at page 52. It is generally conceded, however, that such a provision is sufficient to accomplish its manifest purpose.

In *Sugg* v. *Hartford Fire Ins. Co.* (1887), 98 N. C. 143, 3 S. E. 732, we find this clear statement of the argument in support of the effectiveness of such a clause: "The very purpose was to exclude and guard against, not only

subsequent valid insurance, but all other supposed or intended to be valid. Else why were the words 'or otherwise' used? Are these significant and apt words to be treated as meaningless? Did the parties intend that they should serve no purpose? Surely these questions cannot be answered in the affirmative. The terms employed are explicit, comprehensive, and exclusive, and they imply distinct obvious purpose. The manifest purpose of the provision in question was to prevent possible motive—the creation of it—of the insured to obtain larger insurance of the property, and then burn it, with a view to get the money agreed to be paid by each and all the insurers in case of loss. If the insured believed the subsequent insurance valid, as he might do, whether it were so or not, such belief would raise the motive intended to be guarded against as certainly as if it had been valid."

In *Phoenix Ins. Co.* v. *Copeland* (1890), 90 Ala. 386, 8 So. 48, we find this view well supported as effectuating the intention of the parties and furthering the object of such a condition, where it is said: "One manifest purpose is, by compelling the assured to bear a part of the risk to remove temptation to destroy his own property, and to afford a stimulus to exercise care and diligence in its protection, which purpose is defeated, though the other insurance may be invalid, if the insured believes it to be valid, as he must do, otherwise he would not expend money in procuring it. Another purpose is to relieve the company of the burden of proving the validity of such insurance, by having to show the consent of the company, or a waiver of the forfeiture or otherwise. Again, it is sufficient reason that the parties, competent to fix the terms of their contract, have so contracted. Such condition is not violative of any rule of law or public policy. A construction that only valid and en-

forceable insurance comes within the scope of the condition, disregards the plain import of the contract and the objects which the parties intended to accomplish, and devolves on the court the inconvenience and burden of trying collateral issues involving the validity of a contract other than the one sued on."

[2] The language of the clause here involved is unequivocal. To disregard it would be to ignore the contract which the parties have entered into and expressed by language which can bear but one construction. The second policy taken out by Toler here would certainly have been valid but for the existence of the policy sued on, and that being true the policy sued on is thereby invalidated, for it expressly so provides. A sound public policy requires the enforcement of such a condition. The over-insurance of property increases the moral hazard, and its inevitable tendency is to increase the rates imposed for insurance upon those who do not over-insure their property. This is an evil against which the companies have a right to protect themselves, and in which the insuring public has a very substantial interest. This case illustrates the evil: An automobile costing new $2,525.00, worth at the time of its destruction $1,600.00, is insured by its owner for $4,000.00. If both companies had remained in ignorance of this double insurance, there is no reason to doubt that the assured would have recovered twice the appraised value of the automobile.

[3, 4] There is no practical difficulty in protecting the insurable interests of mortgagees so that no independent action of the mortgagors can injuriously affect them. Instead of having the "loss payable" clause, which is the clause here involved, the mortgagee may either insure in his own name, or he may have the benefit of what has come to be known as the "union mortgage" clause,

by which it is stipulated that in case the loss is directed to be payable to a mortgagee, the interest of the mort- gagee in the proceeds of the policy shall not be invali- dated by the act or neglect of the mortgagor or owner of the insured property; or there may be a provision that no act or default of any person other than the mort- gagee, or those claiming under him, shall affect his right to recover in case of a loss.   This clause has been fre- quently construed, and the authorities are unanimous in holding that it acts as a separate and independent in- surance of the mortgagee's interest, to this extent, at least, that no act or omission on the part of the owner, which occurs after the issuance of the policy, shall affect the mortgagee's right to recover.   It seems to be per- fectly settled that where there is merely a clause pro- viding that the loss, if any, shall be payable to the mort- gagee as his interest may appear, that the contract as to the mortgagee is merely collateral to the principal undertaking to pay the mortgagor, that the mortgagee is merely an appointee of the fund, that his rights are no greater than those of the assured, and therefore a breach by the latter will avoid the policy as to the mortgagee..

In *Warbasse* v. *Sussex County Mut. Ins. Co.*, 42 N. J. L. 203, it is said that the rule of law is well settled that a direction in a policy of insurance that the money, if it became due, was to be paid to a mortgagee of the insur- ed's premises, did not alter the agreement of insurance in any respect, except in the one particular of appoint- ing a certain person to receive such payment.  It is still the mortgagor, as the owner of the property, who is in- sured and the continued validity of the policy is depend- ent upon the performance by him of the conditions im- posed by the policy; and it was there held that the pro- curing by the assured mortgagor of additional insurance, contrary to the terms of the policy, avoided it as to the

mortgagee, to whom it was made payable; and this view is supported by many cases, a number of which are cited in the note to *Brecht* v. *Law Union & Crown Insurance Co.,* 160 Fed. 399, 87 C. C. Q. 351, 18 L. R. A. (N. S.) 199.

[5] The right of the plaintiff here is entirely derived from the assured, Toler, and it is clear to us that the contract has been avoided by his action, because of the additional insurance which he took out in the National Union.

For the reasons indicated, we are of opinion that the trial court erred in giving judgment for the plaintiff, and this court will, therefore, reverse the judgment of the trial court and enter final judgment here in favor of the defendant company.

*Reversed.*