Jones, J.
 

 The subsequent insurer was not made a party to the original action. The condition in the policy of the New Jersey Company, the first insurer, provided that its insurance should be null and void, in case of loss, if there were “any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected. ’ ’ While the trial court thought that there was some ambiguity in this clause, we are unable to come to that conclusion. The language is quite plain. This contract stipulation clearly voided the policy if at the time of loss there was other or sub
 
 *553
 
 sequent insurance that would attach
 
 if the first policy had not been in effect.
 
 If the first insurance had not been effected, or if that policy hád not been issued, the second policy issued by the American Liability Company would have attached; for, upon its face, if otherwise valid, there arose a clear insurance liability attachment if there were “no other insurance covering such loss.” If the condition here imposed does not invalidate the policy we are unable to perceive how a condition could be framed so as to protect the insurer against additional or over insurance.
 

 That an insurance company may contract against the placing of additional or other insurance covering the same property is no longer an open question. This principle has been frequently sustained by this court. It was announced in the syllabus in
 
 Sun Fire Office of London
 
 v.
 
 Clark,
 
 53 Ohio St., 414, 42 N. E., 248, 38 L. R. A., 562, that such contracts are sustained “for the reason that additional insurance does, as a matter of law, increase the risk; and if taken without the consent of the insurer, invalidates the policy.” To the same effect is
 
 Phœnix Ins. Co.
 
 v.
 
 Mich. So. & Northern Indiana Rd. Co.,
 
 28 Ohio St., 69.
 

 It is an established rule of this court that where these contracts of insurance contain latent ambiguities the insured is entitled to a liberal construction thereof in his favor; but if conditions invalidating the policies are unambiguous and are such as affect the risk of the insurer, they, like other contracts, should be enforced. The purpose of these or like conditions inserted in contracts between the insured and the insurer is to diminish the risk, to deprive
 
 *554
 
 the insured of any temptation to fraud, and “to excite the insured to diligence in the preservation of the property, as a salutary check upon over insurance of any name — a restriction founded in that wisdom which comes from experience." P
 
 hœnix Ins. Co.
 
 v.
 
 Railroad Co., supra,
 
 at page 83 of 28 Ohio St.
 

 One of the leading cases upon this subject, frequently cited and approved by this as well as other courts, is
 
 Northern Assurance Co.
 
 v.
 
 Grand View Building Assn.,
 
 183 U. S., 308, 22 S. Ct., 133, 46 L. Ed., 213. Among other points decided, the supreme federal authority held:
 
 ‘ ‘
 
 Over insurance by concurrent policies on the same property tends to cause carelessness and fraud; and a clause in a policy rendering it void in case other insurance had been or should be made upon the property and not consented to by the insurer, is customary and reasonable.”
 

 It must be conceded that the decisions made by various courts of this country in cases touching insurance contracts are both confusing and perplexing. The divergence of authority, however, arises, not from the efforts of the courts to set aside contracts prohibiting additional insurance, where the provisions are definite and clear, but to construe vague or doubtful conditions found in various forms of policy contracts; and, in case the condition is doubtful, the courts following the rule of liberal construction protect the insured where he has secured additional insurance without the consent of the insurer.
 

 Pursuing the rule of liberal construction, this court, 50 years ago, held that a condition in a policy preventing the insured from
 
 making any other insur
 
 
 *555
 

 anee
 
 on the property connoted the making of
 
 valid
 
 insurance, and that since the subsequent policy was not valid the first policy became effective.
 
 Fireman’s Ins. Co.
 
 v.
 
 Holt, Receiver,
 
 35 Ohio St., 189, 35 Am. Rep., 601. This decision was doubtless caused by the peculiar clause used in the condition of that policy, and it was held by the court that under the language employed the condition in the policy contemplated subsequent valid insurance and was “not broken by an attempt to obtain further insurance, which was, in legal effect, all that was done by the insured. ’ ’
 

 Many decisions pro and con have been cited in this case by counsel for both sides. However, as insurance companies change their standard forms of policy from time to time by the insertion of various clauses intended to protect them against over insurance, such decisions are not helpful except where they construe policies containing conditions similar to those found in the policy of the New Jersey Company in the instant case. Our attention has been called to but two cases where the invalidity condition was in the exact language used in that policy,
 
 New Brunswick Fire Ins. Co.
 
 v.
 
 Morris Plan Bank,
 
 136 Va., 402, 118 S. E., 236, and
 
 Interstate Automobile Ins. Co.
 
 v.
 
 Edens,
 
 (Tex. Civ. App.), reported in 235 S. W., 671, in each of which cases the policy provided that it should be null and void “if at the time a loss occurs there be any other insurance, covering against the risks assumed by this .policy,, which would attach if this insurance had not been effected.” The Supreme Court of Appeals of Virginia, and the Court of Civil Appeals of Texas, each held that, under the peculiar provisions of those pol
 
 *556
 
 icies, the taking of other additional insurance upon the same property without the consent of the other insurer invalidated the policies. The Virginia court held, as we do, that the clause involved is unequivocal, and that “to disregard it would be to ignore the contract which the parties have entered into and expressed by language which can bear but one construction. ’ ’
 

 It is apparent from the journal entry of the common pleas court that the Gahagen Company, the chattel mortgagee, was subrogated to the rights of Ball, the insured and owner of the property. The rights of the mortgagee are no greater than those of the insured; and if the policy is invalid as to the latter, certainly no lights accrue to which the mortgagee could be subrogated, since a breach by the insured will void the policy as to the mortgagee.
 
 New Brunswick Fire Ins. Co.
 
 v.
 
 Morris Plan Bank, supra.
 

 The Court of Appeals reversed the trial court and remanded the case thereto. We gather from the opinion of the appellate court that the remand of the case was for the sole purpose of having the trial court enter judgment enforcing contribution between the two insurance companies for the payment of the loss, under the provisions of Section 9584, General Code. The American Liability Company was not a party to the action in the trial court, and, unless it were made a party with an opportunity for hearing, no judgment against it could be rendered in any event. This court has decided that Section 9584, General Code, commonly known as the Valued-Policy Law, did not apply to insurance contracts covering personal property.
 
 National Fire Ins. Co.
 
 v.
 
 *557
 

 Dennison,
 
 93 Ohio St., 404, 113 N. E., 260, L. R A., 1916F, 992. However, that section cannot possibly apply in any case to contributions except such as might be made under valid policies; if one of the policies was invalid no contribution could be enforced against that insurer. In either aspect of the case the Court of Appeals fell into error.
 

 At the close of the plaintiff’s case, and later, at the close of the entire evidence, the defendant moved for a directed verdict in the trial court. Both motions were overruled. Upon the undisputed facts contained in the record, the trial court should have sustained the motions of the defendant below; and the appellate court should not only have reversed the judgment of the trial court but should have rendered judgment in favor of the plaintiff in error.
 

 The judgment of the Court of Appeals reversing and remanding the case to the trial court is reversed, and, proceeding to render the judgment the appellate court should have entered, judgment is here rendered in favor of plaintiff in error.
 

 Judgment reversed in part and final judgment rendered for plaintiff in error.
 

 Kinkade, Matthias and Day, JJ., concur.