## OHIO FARMERS INSURANCE CO v HULL et

Ohio Appeals, 5th Dist, Morrow Co

Decided Dec 12, 1932

Don McVay, Medina, and Benjamin Olds, Mt. Gilead, for plaintiff in error.

P. H. Wieland, Mt. Gilead, and T. B. Mateer, Mt. Gilead, for defendants in error.

## OPINION

By SHERICK, J.

The errors complained of in this case are numerous, but under our view of the law, which we consider determinative of this action, such became immaterial, and an affirmance of this judgment becomes imperative.

It is all important to remember that the loss or damage under this policy is made payable to the land bank, as its interest may appear, and that the policy contained or has attached thereto what is known as a standard or union mortgage clause, and, that the amount due the bank on its mortgage exceeded the loss sustained under the policy.

Although a question of pleading is not made in this case as to an improper joinder of parties plaintiff, we are disposed to take the view that there is a misjoinder. We think the rule, and the reason therefor, are well stated in 14 Ruling Case Law, 1427. Therein it is said: "Under modern practice acts, however, requiring all actions to be brought in the name of the real party in interest, it is the general rule that where the mortgage equals or exceeds the loss under a policy containing a loss payable clause the mortgagee is the proper person to bring suit. * * * This is especially true * * * where the policy contains a union mortgage clause."

We direct attention to the authorities therein cited, and particularly to the case of Smith v Union Ins. Co., 25 R. I., 260, 55 A., 715, 105 Am. St. Rep., 882. See also Fuller v United States Fire Ins. Co., 117 Kan., 282, 231 P., 53. We are therefore disposed to view this record and the errors claimed as if the mortgagee was the only party plaintiff in the trial court, for it is in fact the real party in interest and entitled to the judgment entered.

We recognize it to be the general rule that if the assignment to the mortgagee is but a loss payable clause, and there is no union mortgage clause accompanying it, a breach of the conditions of the policy by the insured may prevent the mortgagee's

recovery in case of loss, and that the rule is perhaps the same where the insured was guilty of fraud, concealment or misrepresentation in the procuring of the issuance of the policy. But this is not the accepted rule where there is also a standard or union mortgage clause.

It is aptly reasoned in **Syndicate Ins. Co. v Bohn**, 12 C.C.A., 531, 65 F., 165, 27 L.R.A., 614, that the effect of a union mortgage clause is to make a new and independent contract of insurance between a mortgagee and the insurer, and to effect a separate insurance of the mortgagee's interest only dependent for its validity upon the course of conduct of the insurer and the mortgagee, unaffected by any act or neglect of the mortgagor of which the mortgagee is ignorant, whether such act or neglect was done or permitted prior to or subsequent to the issuance of the mortgage clause. To the same effect see **Allen v St. Paul Fire & Marine Ins. Co.**, 167 Minn., 146, 208 NW, 816; **Greenwich Bank v Hartford Fire Ins. Co.**, 222 App. Div., 219, 225 N. Y. S., 615; **National Union Fire Ins. Co. v Short**, 32 F. (2d), 631, 64 A.L.R., 753. We would here remark that it was not pleaded or proved that the land bank had any knowledge of any concealment or nondisclosure by the insured at the making of the application, in the matter of the insured's having title to but one-half of part of the personal property covered by the policy.

Attention may further profitably be directed to §215, under the title of Insurance, 14 Ruling Case Law, 1037 and 1038, and to the note appearing in 18 L.R.A. (N.S.), 204 and 206, and to the authorities there cited. We find it to be universally held that no act or omission on the part of the insured occurring after the issuance of the union mortgage clause will affect the right of the mortgagee to recover on the policy in the case of loss. We do find that there is a difference of opinion where there is some misrepresentation or concealment at the time of the issuance of the policy, that is, an act done or permitted prior to the issuance of the standard or union mortgage clause; but the better reason seems to support the weight of authority, in that the rule is the same when the act or neglect occurs prior to the issuance of the union clause, and this seems to have been the view entertained in **Agner v Fireman's Ins. Co.**, 14 O.D. (N.P.), 268, 2 N.P. (N.S.), 254, affirmed without opinion **Firemen's Ins. Co. v Agner**, 73 Oh St, 393, 78 NE, 1125.

The plaintiffs in error in their reply brief furnished after submission of the cause call our attention to the case of **Eric Brewing Co. v Ohio Farmers Ins. Co.**, 81 **Oh St, 1**, 89 NE, 1065, 25 L.R.A. (N.S.), 740, 135 Am. St. Rep., 735, 18 Ann. Cas., 265. We find that the court therein considered a question involving a standard or union mortgage clause pertaining to the right, provided in the contract of insurance, for arbitration when there was a dispute as to the amount of loss. In that case there was not a total loss, and an arbitration was had by the insured and the insurer. The mortgagee claims that it was not bound thereby. It was held otherwise and rightly so. The court says: "It would appear reasonable that in respects not modified or limited by the express language of this mortgage clause, the plain provisions of the policy as between the insured mortgagor and the insurance company must prevail and be observed." In the case at bar the matters pleaded in defense are modified in the mortgage clause; hence, we take the view that above case is not authority on the questions presented in the present action.

The claim of the insurance company, that the suit has been prematurely brought, that is before the sixty days after due notice provided in the policy had elapsed, is without merit; for the reason that the loss sustained was a total loss upon which the insurance company had denied any liability before suit was brought. Plaintiff had a right to bring this action immediately thereafter. Had liability been recognized by the insurance company, but the amount of loss and damage not yet ascertained, or the amount thereof in dispute, then the insurer might be heard to say that the action had been commenced prematurely.

It is, therefore, our conclusion that this cause was tried free of any prejudicial error, as between the insurance company and the land bank; that the defenses made as against the insured, Hull, perhaps were good defenses, but that such were not sufficient to preclude the mortgagee under its union mortgage clause from recovery; and that the land bank's motion for a directed verdict at the conclusion of all the evidence should have been sustained and the trial then ended. The judgment entered in favor of the land bank is affirmed.

Judgment affirmed.

GARVER, PJ, and LEMERT, J, concur.