James SHOUSE et al., Plaintiffs,

v.

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY et al.,
Defendants.

Civ. A. No. 4746.

United States District Court
S. D. Ohio, W. D.

Oct. 12, 1964.

David J. Young, Cincinnati, Ohio, for James and Yvonne Shouse.

Leo J. Breslin, Cincinnati, Ohio, for Indiana Lumbermens Mut. Ins. Co.

Roy W. Short, Cincinnati, Ohio, for Security Ins. Co. of New Haven.

Preston M. Simpson, Cincinnati, Ohio, for Charles and Maxine Shorter.

Alvin M. Loeb, Cincinnati, Ohio, for Losantiville Building and Savings Co.

JOHN W. PECK, District Judge.

The complex factual pattern here presented involves controversy after destruction of the subject premises by fire between the sellers and buyers thereof by land purchase agreement, two insurance carriers, and the mortgagee. The basic question is whether either of the policies issued by the two insurers was in force and effect at the time of the fire.

■ As more fully appears from Findings of Fact filed contemporaneously herewith the plaintiffs Shouse contracted to purchase the residence property involved from the defendants Shorter and it thereby became the plaintiffs' obligation to keep the subject premises insured against fire and extended coverage. Pursuant thereto, a homeowners policy (covering among other perils a loss by fire) was issued by the defendant, Security Insurance Company of New Haven (hereinafter referred to as Security). Thereafter, apparently having become possessed of personal dissatisfactions with Security, plaintiffs took out a similar policy with the defendant Indiana Lumbermens Mutual Insurance Company (hereinafter referred to as Lumbermens). At this time the plaintiffs informed a Lumbermens' agent of the existence of the Security policy and of their intention to cancel it. The original of the Lumbermens policy was sent to Losantiville Building and Savings Company (hereinafter referred to as Losantiville), which regarded it as a replacement for the Security policy. It further appears that all parties except Security were advised of the new policy, but none made any attempt to notify Security to cancel its policy (probably because not only would no refund be forthcoming because the premium remained unpaid, but a payment to cover the period of the policy's effectiveness would be required). As indicated in the Conclusions of Law also filed contemporaneously herewith, it is concluded that the procurement of additional insurance by the plaintiffs increased the hazard as a matter of law and rendered the Security policy void. See Ohio Jurisprudence 2nd 488 (Sec. 545) et seq and cases cited therein.

■ Lumbermens' primary contention is that there was a wilful concealment or misrepresentation of circumstances by the plaintiffs as to their limited interest in the property and of the existence of other insurance in violation of the express provisions of the policy, and that the policy was therefore void ab initio. A reading of the depositions indicates that the plaintiffs were people of limited education who tended to rely on the agents of the insurance companies or on the lending institutions to take care of procedural details and that the sellers and buyers had as their only concern a desire for protection against destruction of the subject premises. The failure of the Shouses to volunteer all of the particulars of their contractual relationship with the Shorters does not rise to the height of wilful concealment or misrepresentation. On the contrary, it seems that it may be more accurately concluded that the reason for the failure of all concerned to notify Security to cancel the policy was a very simple one; as indicated above, no one stood to benefit by the giving of such notice, and someone stood to be charged for protection afforded during a past period. It is parenthetically noted that the Shouse-Shorter land contract was recorded and that public notice of the interest of the parties was thereby established.

■ Concluding, as we do in accordance with the foregoing that at the time of the fire the Lumbermens policy was in effect, we come to a consideration of Lumbermens' final defense. Its policy provides that a proof of loss statement be submitted within sixty days of the loss, and it is conceded that such proof was not so filed. This constitutes a failure to comply, substantially or otherwise, with a condition precedent to recovery. The Home Insurance Co. v. Lindsey, 26 Ohio St. 348 (1875); Krasny v. Metropolitan Life Ins. Co., 143 Ohio St. 284, 54 N.E.2d 952 (1944); 45 C.J.S. Insurance § 1006, et seq. It is also clear that the claim was not denied by Lumbermens within the sixty-day period, and thus

there was no waiver by it of this provision of the policy. Metz v. Buckeye Union Fire Ins. Co., 104 Ohio App. 93, 147 N.E.2d 119 (1957). Plaintiffs Shouse are therefore precluded from recovery under the policy.

■ While it is clear that plaintiffs have forfeited their right to recovery, it is equally clear that the rights of defendant Losantiville Building and Savings Company, the mortgagee named in the Lumbermens policy, were not abrogated by the failure of the plaintiffs to file a proof of loss within the prescribed period. See 45 C.J.S. Insurance § 1007 c. See also, Ohio Farmers Ins. Co. v. Hull, 45 Ohio App. 166, 186 N.E. 823 (1932).

A properly endorsed entry consistent with this opinion and the accompanying Findings of Fact and Conclusions of Law and reflecting the amount of damages to be recovered by the Losantiville Building and Savings Company from Indiana Lumbermens Mutual Insurance Company may be presented.

## FINDINGS OF FACT

1. At the plaintiffs' request and with the knowledge of defendants Charles and Maxine Shorter, the Security Insurance Company of New Haven policy of insurance described in the complaint was issued and delivered to defendant Losantiville Building and Savings Company, and the premium therefor was paid by Charles Shorter on October 29, 1960.

2. Plaintiffs informed an agent of defendant Indiana Lumbermens Mutual Insurance Company of the existence of the Security policy and of plaintiffs' intention to cancel the Security policy.

3. Defendant Indiana Lumbermens knew that defendant Losantiville Building & Savings Company had an interest in the property located at 440 Strafer Street, Cincinnati, Ohio.

4. Plaintiffs Shouse failed to pay the taxes on the property subject to the land contract due and payable in December, 1960. Plaintiffs' last monthly $90.00 payment under the land contract was made on December 15, 1960 and no payments have been made by plaintiffs since that date. Plaintiffs did not obtain approval of the defendants Shorter for the purchase of insurance from the defendant Indiana Lumbermens on the property subject to the land contract in September, 1960. On April 17, 1961, defendants Shorter gave plaintiffs notice by registered mail that defendants Shorter elected to consider land contract void by reason of failure to comply with its terms (Exhibit 5).

5. Defendant Maxine Shorter received an envelope from Losantiville which contained the Security policy (Exhibit 1) and a note which states: "Mr. Shorter, Mr. Shouse sent a new policy covering him on this property. Thought you would want to cancel this one. Losantiville B & S." (Exhibit 4.) She opened said envelope prior to the destruction of the subject premises and read the note but not the policy. She did not understand its significance and did not communicate said receipt to her husband, defendant Charles Shorter.

6. Parties agree that proper notice concerning the fire at 440 Strafer Street, Cincinnati, Ohio, was given by the plaintiffs to both insurance companies, but that written proofs of loss were never given by the plaintiffs to either insurance company.

7. Defendant Losantiville had knowledge of the existence of two policies of insurance covering the property at 440 Strafer Street, Cincinnati, Ohio, but did not notify either Security or Indiana Lumbermens of this fact.

8. No notification or request to cancel the Security policy was given to Security by anyone.

## CONCLUSIONS OF LAW

1. The procurement and issuance of additional insurance under the circumstances here found to exist rendered the policy of the Security Insurance Company of New Haven null and void as a matter of law.

2. The policy of the Indiana Lumbermens Mutual Insurance Company became

legally effective on its stated date of inception, September 29, 1960.

3. The Indiana Lumbermens policy was in full force and effect at the time of the destruction of the premises.

4. The plaintiffs Shouse failed to file a written proof of loss in accordance with the provisions of the policy and thereby failed to comply with a condition precedent to recovery.

5. The rights of the defendant Losantiville Building & Savings Company, the mortgagee named in the Lumbermens' policy, were not abrogated by the failure of the plaintiffs Shouse to comply with such condition precedent and is entitled to recover under said policy.