James SHOUSE and Yvonne Shouse, Plaintiffs-Appellees,

v.

INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Defendant-Appellant,

Security Insurance Company of New Haven, Charles Shorter and Maxine Shorter and Losantiville Building and Savings Company, Defendants-Appellees.

No. 16317.

United States Court of Appeals
Sixth Circuit.

April 29, 1966.

John W. Morrison, Chicago, Ill., Clausen, Hirsh, Miller & Gorman, Norman A. Miller, Chicago, Ill., Lindhorst & Dreidame, Leo J. Breslin, Cincinnati, Ohio, on brief, for appellant.

Roy W. Short, Cincinnati, Ohio, Davis, Farley & Short, Cincinnati, Ohio, on brief, for Security Ins. Co. of New Haven.

Preston M. Simpson, Cincinnati, Ohio, Simpson & Jacobs, Cincinnati, Ohio, on brief for Charles & Maxine Shorter.

Alvin M. Loeb, Cincinnati, Ohio, Becker, Loeb & Becker, Cincinnati, Ohio, on brief, for Losantiville Building & Savings Co.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and KENT, District Judge.[*]

PER CURIAM.

The above cause coming on to be heard on the briefs of the parties, the record, and the argument of counsel, and the Court being duly advised; now, therefore, it is adjudged and decreed that the judgment of the District Court be and is hereby affirmed on the findings of fact, conclusions of law, and opinion of Judge Peck, reported in 254 F.Supp. 989.

EDWARDS, Circuit Judge, dissenting. This case was started by plaintiffs Shouses in a suit for declaratory judgment in state court against two insurance companies and the other defendants alleging total loss of a house and the personal property therein. It was removed to federal court on diversity of citizenship grounds. The insurance coverage in both policies as to the two items of loss claimed exceeded $10,000.

Appellant Indiana Lumbermens Mutual Insurance Company issued a fire insurance policy on a house being purchased by plaintiffs-appellees, Shouses. The land contract sellers (appellees, Shorters) had already insured the same house by a fire insurance policy issued by appellee, Security Insurance Company of New Haven.

Lumbermens had knowledge through the Shouses of the existence of the Security policy. Security had no knowledge of the Lumbermens' policy. Lumbermens did not give notice to Security. Both insurance policies had provisions against "other insurance."

The only claim under either insurance policy which is before this court in this appeal is that of appellee Losantiville Building and Savings Company, the mortgagee of the destroyed house. The mortgagee's interest had been insured under both insurance policies. Losantiville cross-claimed against both Lumbermens and Security for its loss.

Under Ohio law double coverage is held to create an additional risk and to warrant the voiding of a policy by an insurance company where the risk was thus increased without the insurer's knowledge and where the policy contained a provision against "other insurance." Phoenix Insurance Co. v. Michigan Southern & Northern Indiana Railroad Co., 28 Ohio St. 69 (1875); Fireman's Insurance Co. of Dayton v. Holt, 35 Ohio St. 189 (1878); Sun Fire Office

[*] Honorable W. Wallace Kent, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

of London v. Clark, 53 Ohio St. 414, 42 N.E. 248, 38 L.R.A. 562 (1895); New Jersey Insurance Co. v. Ball, 119 Ohio St. 550, 165 N.E. 41 (1929).

Each insurance company asserts that its policy should be held invalid as to the mortgagee on the ground of double coverage.

The District Judge held the Security policy void on the ground of "other coverage" but held that appellant Lumbermens should pay the mortgagee—apparently on grounds of waiver—because its agent wrote the policy with full knowledge of the existence of the Security policy.

With much respect for the views of my colleagues and those of the District Judge, I come to the conclusion that this is not a true "double coverage" case and that neither insurance policy should be voided as a result of "other coverage."

The public policy behind the "double coverage" rule is founded on restraining persons from fraudulently insuring property in excess of its value so as to provide a financial motive for its willful or negligent destruction.

Patently we do not deal here with a situation involving any such facts.

Perhaps more important, the two policies of insurance at issue (while applicable to the same house) were issued to two different parties and insured different interests. Specifically, Security insured Losantiville for the Shorters' interest, while Lumbermens insured Losantiville for the Shouses' interest.

Couch on Insurance says:

"Other or double insurance exists where two or more policies of insurance are effected upon or cover the same interest in the same, or part of the same, property, against the same risk, and either in the name or for the benefit of the same person." 9 Couch, Insurance § 37:1292 (2d ed. 1962).

A text on Ohio insurance law says:

"The insurance of different interests although in the same property does not violate a condition against other insurance,[93] for the reason that

"Fn. [93] Roots [& Coe] v. Cincinnati Ins. Co., 12 Dec Rep 535, 1 Disn 138; Preferred Auto Ins. Co. v. Guthrie, 21 OLA 617.

the insurable interests involved under double insurance, must be identical.[94]

"Fn. [94] National Ins. Co. v. Welbon Motor Car Co., 1 OLA 472.

Thus, where the possessors of separate interests in certain property obtain policies insuring their individual interests, neither insurance is avoidable for other insurance [95] * * *." Mc-

"Fn. [95] Bates v. Commercial Ins. Co., 13 Dec Rep 698, 1 CSCR 523, rev'd on other grounds in 13 Dec Rep 851, 2 CSCR 195."

Intosh, Ohio Insurance Manual § 462 (1965).

See also Farmers' Union Mutual Protective Association of Colorado v. San Luis State Bank, 86 Colo. 293, 281 p. 366 (1929); Annot., 66 A.L.R. 1173 (1930).

Ohio has a law providing for apportionment of payment where there is more than one policy on the same property.

"When there are two or more insurance policies upon the same property, each policy shall contribute to the payment of the whole or of the partial loss in proportion to the amount of insurance mentioned in each policy. In no case shall the insurer be required to pay more than the amount mentioned in its policy." Ohio Rev. Code Anno. Title 39 § 3929.26 (1954).

Since Ohio law creates the substantive right of contribution, federal procedure favors disposing of the respective claims in a single suit. Rule 14 Fed. R. Civ. P.; Worthington Corp. v. Lease Management, Inc., 352 F.2d 24 (C.A. 6, 1965), cert. denied, 383 U.S. 937, 86 S.Ct. 1068, 15 L.Ed.2d 854 (1966) (March 7, 1966).

Judgment for the partial loss herein involved should have been rendered against both insurance companies "in proportion to the amount of insurance mentioned in each policy."