# CIRCUIT COURT OF THE CITY OF SALEM

Tico Credit Co.

v.

Progressive Northern Ins. Co.

March 4, 1998

Case No. CL97-59

BY JUDGE ROBERT P. DOHERTY

A Named Insured financed the purchase of his automobile and obtained insurance from Defendant Progressive Northern Insurance Company, which included comprehensive coverage. Plaintiff Tico Credit Co. purchased the financing papers to become a secured creditor and ultimately the loss payee on the comprehensive portion of the policy. During the policy period, the Named Insured filed a claim with Defendant insurance company for fire damage to his automobile but withdrew his claim rather than to be questioned under oath about the cause of the fire. By such action, the Named Insured voluntarily gave up his right to recover for the fire damage. Plaintiff credit company filed suit claiming that the insurance policy gives it an independent right of recovery to the extent of its security interest, notwithstanding the actions of the Named Insured. Defendant insurance company argues that Plaintiff has no independent right of recovery under the policy but is only a loss payee who derives its recovery rights through those of the Named Insured. The Court agrees with the position taken by the Defendant.

The loss payee is not an insured under this policy. The rights of the loss payee are derived through the contract rights purchased by the insured from the insurance company. The loss payee can never have a right greater than that of the Named Insured and is subject to all of the defenses that the insurance company may have against the Named Insured.

The purpose of naming a loss payee is so that the secured party, who has lent money to the Named Insured, will have a right to require that any insurance proceeds paid under the comprehensive portion of the policy will be

used in such a way that the security interest in the collateral will not be diminished. This scheme is designed to prevent a named insured from damaging collateral and then diverting the insurance proceeds intended to repair that collateral to a different use. The policy does not contemplate giving the loss payee an independent right of action against the insurance company.

The Virginia Supreme Court recognized the derivative rights of a loss payee in the case of *New Brunswick Fire Ins. Co. v. Morris Plan Bank*, 136 Va. 402 (1923), wherein it found, under similar policy provisions, "that the mortgagee is merely an appointee of the fund, [and] that his rights are no greater than those of the assured." Stating it another way in *Provident Fire Ins. Co. v. Union Trust Corp.*, 195 Va. 415 (1953), the Court found that "the Plaintiff has no rights greater than those of the insured and is merely an appointee entitled only to so much of any sum due the insured as does not exceed its interest."

In this instance, the Named Insured waived his rights to collect on the comprehensive claim. Since the loss payee's claim is derived from the Named Insured, it cannot proceed independently as there is no language in the insurance policy which elevates the rights of the loss payee to that of an insured. Judgment will be entered on behalf of theDefendant.